# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES CLEMENTS, | Case No. SACV 14-2002-DDP (JPR) |
| Petitioner, | **STIPULATED PROTECTIVE ORDER REGARDING PRODUCTION OF ORANGE COUNTY SHERIFF-CORONER RECORDS PURSUANT TO THIRD PARTY REQUEST; PROTECTIVE ORDER** |
| v. | |
| R. MADDEN, Warden | |
| Respondent. | |

This is a Stipulated Protective Order entered into between Charles Clement ("Petitioner"), R. Madden, ("Respondent"), and third party witness and custodian of records Sandra Hutchens, Sheriff-Coroner for the County of Orange ("the Sheriff"), by and through their attorneys of record.

## GOOD CAUSE STATEMENT

Petitioner has made a production request in a habeas corpus case seeking Sheriff records and information pertaining to two inmates ("Request"). The Petitioner asserts that Petitioner's access to the requested records for Petitioner's review are necessary for Petitioner to evaluate claims in his case related to a Petition for a Writ of Habeas Corpus. The Sheriff asserts that the requested records are confidential jail records as set forth in California Evidence Code section 1043 *et seq*. and Article 1, section 1 of the California

-1-

Constitution. Federal courts have given weight to privacy rights protected by state constitutions or statutes. *See Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995).

**STIPULATION**

THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between Petitioner, Respondent, and the Sheriff, by and through their attorneys of record, that any confidential Sheriff personnel records and employee information reviewed by the Petitioner and released pursuant to the Subpoena shall be subject to the following:

1. The Protective Order applies to and governs the review by the Petitioner and use of the Sheriff's confidential personnel records and employee information sought by the Subpoena ("Responsive Records") or the substance of any portion thereof, and all documents of whatever kind containing information obtained from the confidential employee personnel records;

2. The Responsive Records shall be used solely in connection with *Charles Clement v. R. Madden*, Case No. SACV 14-2002-DDP (JPR), including any associated state appellate or federal proceedings and collateral review, and not for any other purpose;

3. The Responsive Records or any portion thereof shall not be disclosed to any other person, firm or corporation, except:
   a. Bona fide employees of the law offices for the parties' counsel, and then only to the extent necessary to enable said persons to assist in litigation of this action;
   b. Petitioner, to the extent deemed necessary by counsel, but only to the extent that Petitioner may be shown copies of the Responsive Records and under no circumstances shall Petitioner be given copies or permitted to retain such Responsive Records;
   c. Expert witnesses employed by the parties to this action;
   d. Consultants retained by the parties to this action; or
   e. The Court and court personnel.

4. All persons described in paragraph 3 (a) through (e) above shall not disclose any portion of said Responsive Records and shall not use any information obtained therefrom except in conformance with this Order and for purposes of this litigation. Any party who discloses the Responsive Records to any person described in paragraph 3 (a) through (d) shall advise such person that said matters constitute confidential information which may be used only for the litigation of this action, and shall, prior to disclosure of the Responsive Records, provide said person a copy of this Protective Order. Said person shall agree to be bound by the same and subject to the jurisdiction of this Court with respect to any proceeding related to the enforcement of this Protective Order, including but not limited to a proceeding for contempt;

5. Neither the Responsive Records nor any portion thereof shall be copied or reproduced except where necessary to submit to the Court or as set forth in this Order. If any Responsive Record is required to be filed or lodged with the Court in connection with court proceedings, it shall be done under seal in conformance with all applicable court rules, unless relief from this Order is obtained as set forth in paragraphs 7 and 8, below;

6. The prohibition on the dissemination and disclosure of Responsive Records as contained in this Order will not apply if, upon the written request of a party to this action, the Sheriff's counsel consents in writing that Responsive Records may be disclosed as requested. Failure to seek such consent would constitute a violation of this Order;

7. This Order is without prejudice to any party seeking relief from the Court to impose further restrictions or to vacate existing restrictions imposed by this Order. However, it is expected that before seeking relief from the Court, a party will first seek relief as set forth in paragraph 7, above. If a party seeks relief from the Court, the party shall do so under Local Rule 37 and provide appropriate written notice served on the Sheriff, through its attorney of record, and all other parties;

8. The production of Responsive Records by the Sheriff pursuant to this Order shall not be deemed a waiver of any privilege or confidentiality or privacy right for any future purpose.

1 | IT IS SO STIPULATED.

DATED: July 24, 2017        By _____/s/_____
                            Nilou Panahpour, Federal Public Defender
                            Attorney(s) for Petitioner, Charles Clement

DATED: July 24, 2017        By _____/s/_____
                            D. Kevin Dunn, Deputy County Counsel
                            Attorney(s) for Orange County Sheriff-Coroner

DATED: July 24, 2017        By _____/s/_____
                            Jennifer Jadovitz, Deputy Attorney General
                            Attorney(s) for, R. Madden, Respondent

## [PROPOSED] PROTECTIVE ORDER

Having reviewed the STIPULATED PROTECTIVE ORDER REGARDING PRODUCTION OF ORANGE COUNTY SHERIFF-CORONER RECORDS PURSUANT TO THIRD PARTY REQUEST, and GOOD CAUSE APPEARING THEREFORE, paragraphs 1 through 9 of the stipulation shall constitute the Order of the Court.

**IT IS SO ORDERED.**

DATED: August 1, 2017       _____
                            Honorable Jean P. Rosenbluth
                            United States Magistrate Judge

# CERTIFICATE OF SERVICE

I do hereby declare that I am a citizen of the United States employed in the County of Orange, over 18 years old and that my business address is 333 W. Santa Ana Blvd., Ste. 407, Santa Ana, California 92701. I am not a party to the within action.

On July 24, 2017, I served the foregoing **STIPULATED PROTECTIVE ORDER REGARDING PRODUCTION OF ORANGE COUNTY SHERIFF-CORONER RECORDS PURSUANT TO THIRD PARTY REQUEST; AND [PROPOSED] PROTECTIVE ORDER** on all other parties to this action in the following manner:

Pursuant to L.R. 5-3.2.1, I caused an electronic version of the aforementioned document to be served on the below listed parties, through their attorneys of record, via the court's CM/ECF System.

I declare that I am employed in the office of a member of the Bar of this court at whose direction the service was made.

Date: July 24, 2017

_____
Marzette L. Lair

Petitioner, Charles Craig Clements:
Represented by Niloufar Panahpour
Federal Public Defender Office
321 East 2nd Street
Los Angeles, CA 90012-4202
213-894-2644
Fax: 213-894-0081
Email: nilou_panahpour@fd.org

Respondents, R Madden (Warden), and A. Miller (Warden):
Represented by Jennifer A Jadovitz
CAAG - Office of the Attorney General
California Department of Justice
600 West Broadway Suite 1800
San Diego, CA 92101
619-645-2204
Fax: 619-645-2044
Email: jennifer.jadovitz@doj.ca.gov

Objector, United States of America:
Represented by Judith A Heinz
AUSA - Office of US Attorney
Criminal Division - US Courthouse
312 North Spring Street 15th Floor
Los Angeles, CA 90012-4700
213-894-7280
Fax: 213-894-3713
Email: USACAC.Criminal@usdoj.gov