**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHARLES CRAIG CLEMENTS,<br><br>        Petitioner,<br><br>    v.<br><br>RAYTHEL FISHER, Warden,<br><br>        Respondent. | Case No. SACV 14-2002-DDP (JPR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

    The Court has reviewed the Second Amended Petition, records on file, and Report and Recommendation of U.S. Magistrate Judge. See 28 U.S.C. § 636(b)(1).  On July 21, 2021, Petitioner objected to the R. & R.  Respondent did not reply.

    As Petitioner argues and the Magistrate Judge acknowledged, this case smells somewhat.  The use in the investigation and trial of a well-known confidential informant who may have at least to some degree concocted his claims against Petitioner was unsavory.  But the state court and the Magistrate Judge assumed error and simply found that those errors did not meet the applicable tests.  Petitioner is understandably upset, but the fact remains that the jury deadlocked evenly on the charge as to

which the confidential informant's testimony almost exclusively applied, and that charge was eventually dismissed. As the Magistrate Judge explained, his testimony had little bearing on the remaining disputed issues at trial, as to which the evidence was very strong. (R. & R. at 31-35.) Thus, as the Magistrate Judge concluded, the state court was not objectively unreasonable, nor did it materially err, in finding that any errors were harmless. (Id. at 39-50.)

Petitioner claims that he is entitled to an evidentiary hearing on his Napue claim because the informant's "admission that he worked in concert with the state to manufacture the solicitation charge undoubtedly could have affected the judgment of the jury." (Objs. at 10.) Tellingly, he never explains in the Objections what that purported admission was (see id. at 10-11), and as the Magistrate Judge pointed out, the evidence he cited in his SAP to support that claim was "attenuated" (R. & R. at 47 n.17). Further, he is not entitled to an evidentiary hearing on his ineffective-assistance-of-counsel claims because he failed in the state court to elicit a declaration or testimony from trial or appellate counsel concerning their actions, and as the Magistrate Judge pointed out, there were reasons apparent from the record that could have explained them. See Dunn v. Reeves, 141 S. Ct. 2405, 2413 (2021) (per curiam) (finding that habeas counsel's failure to submit declaration or elicit testimony from trial counsel concerning his actions defeated ineffective-assistance claim when record suggested strategic reasons for challenged actions because "a silent record cannot

discharge a petitioner's burden").[1]

The Court accepts the findings and recommendations of the Magistrate Judge. IT THEREFORE IS ORDERED that the SAP is DENIED and Judgment be entered dismissing this action with prejudice.

DATED: 3-7-2022

DEAN D. PREGERSON
U.S. DISTRICT JUDGE

---

[1] Petitioner objects to the Magistrate Judge's "suggest[ion] that trial counsel engaged in some investigation of a Massiah claim by seeking some of [the informant's] housing and classification records." (Objs. at 15 (citing R. & R. at 58).) He claims those requests "were specifically limited to yet another specious allegation" brought up before trial. (Id.) But he provides no cite to the voluminous record to support his claim, and the Court declines to simply accept him at his word.